UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LORETTA McHENRY, *pro se*,

        Plaintiff,

        -v-

THE HONORABLE ROBERT A. KATZMANN,

        Defendant.
----------------------------------------------------------------x

**Memorandum & Order**
08-cv-2249 (DLI)(LB)

**DORA L. IRIZARRY, U.S. District Judge**:

    *Pro se* plaintiff Loretta McHenry brought an action against the Honorable Robert A. Katzmann, United States Circuit Judge for the United States Court of Appeals for the Second Circuit, in Kings County Supreme Court. Defendant properly removed the action to this Court on June 2, 2008. For the reasons set forth below, the complaint is dismissed in its entirety.

**BACKGROUND**

    Plaintiff is an attorney admitted to practice in the State of New York. She brought this *pro se* action in state court against Judge Katzmann alleging that she was libeled in a summary order issued by Judge Katzmann in an appeal captioned <u>McHenry v. One Beacon Insurance Co. et al.</u>, No. 05-CV-4859 (2d Cir.).[1] On June 2, 2008, this action was removed to this Court pursuant to 28 U.S.C. § 1442(a)(3), which permits removal to a district court of the United States by a defendant who is an "officer of the courts of the United States, for any act under color of office or in the performance

---

[1] The summary order at issue has been removed from Westlaw's electronic database. See <u>McHenry v. One Beacon Ins. Co.</u>, 216 Fed. Appx. 40 (2d Cir. 2007)(noting that the opinion has been deleted at the request of the Court).

1

of his duties."[2]

This is plaintiff's second complaint against a federal judge who had adjudicated her employment discrimination lawsuit against her former employers. Last year, plaintiff brought similar libel action against the Honorable David G. Trager for the publication of his order granting summary judgment to defendants in <u>McHenry v. One Beacon Insurance Co.</u>, No. 03-cv-4916(DGT) (E.D.N.Y. 2005). Her action against Judge Trager was removed from Kings County Supreme Court and dismissed in its entirety by this Court on the basis of judicial immunity. See <u>McHenry v. Trager</u>, No. 07-cv-5242 (DLI)(LB), Slip Op. (E.D.N.Y. Jan. 10, 2008.). The Court explained in its dismissal order that judges are entitled to absolute immunity from personal liability for acts undertaken in their judicial capacity. The publication of Judge Trager's order granting her former employers summary judgment was a judicial act and therefore entitles Judge Trager to absolute immunity. McHenry, however, has disregarded the Court's ruling and explanation, and has filed a similar suit against Judge Katzmann for the publication for his summary order. This lawsuit also fails for the same reason.

**DISCUSSION**

Regardless of whether plaintiff paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. See <u>Fitzgerald v. First East Seventh Street Tenants Corp</u>., 221 F.3d 362, 364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). "A complaint will be dismissed as 'frivolous' when 'it is clear that

---

[2] The notice of removal suggested an alternate basis for removal, substituting the United States as a defendant pursuant to 28 U.S.C. § 2679(d)(1) and then removing the action in accordance with 28 U.S.C. § 1422(a)(1). Either method of removal properly brings this action before this Court.

the defendants are immune from suit.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (*per curiam*) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

It is well-settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219, 225 (1988). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 13 (quotations and citations omitted). This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction. Id. at 11-12. All of the allegations against Judge Katzmann arise out of his issuance of an order on June 5, 2007 in plaintiff's appeal to the Second Circuit. Nothing in plaintiff's complaint suggests that Judge Katzmann took nonjudicial actions against plaintiff or that his judicial actions where taken in the "complete absence of jurisdiction." Accordingly, all of plaintiff's claims against Judge Katzmann must be dismissed as frivolous. See Montero, 171 F.3d at 760. See also Collins v. Kaye, 121 Fed. Appx. 920, 921, 2005 WL 435408 at *1 (2d Cir. 2005)(finding a lawsuit against Judith S. Kaye, Chief Judge of the New York State Court of Appeals, to be frivolous because the law grants judges "absolute immunity from personal liability arising from acts committed within their judicial jurisdiction).

**CONCLUSION**

For the reasons stated above, plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of Court is directed to close the file maintained in this matter. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any request to appeal from this order *in forma pauperis* would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      June 13, 2008

                                                  /s/
                                        DORA L. IRIZARRY
                                      United States District Judge